UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RAUL HUMBERTO RODRIGUEZ,

        Petitioner,

                                        Case No. 14-cr-20627

v.                                      Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

        Respondent.

_____/

**ORDER DENYING MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED IN FORMA PAUPERIS**

On September 17, 2015, Petitioner Raul Humberto Rodriguez was sentenced to sixty-three months imprisonment after pleading guilty to possessing cocaine with the intent to distribute and aiding and abetting. ECF No. 55. On September 27, 2016, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255. ECF No. 98. Petitioner argues that he should be granted relief because he had only a "minor role" in the offense. In support, he cites *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016), where the Ninth Circuit held that U.S.S.G. § 3B1.2's recent amendment, Amendment 794, was meant to be "clarifying." For that reason, the Ninth Circuit held that the amendment applies retroactively to direct appeals. On October 6, 2016, the Court ordered the Government to respond to Petitioner's motion. ECF No. 101. That response was filed on October 21, 2016. ECF No. 105. For the reasons stated below, Petitioner's motion to vacate his sentence will be denied.

To justify relief under 28 U.S.C. § 2255, an inmate must allege: "1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of

fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). Petitioner is arguing that he should receive the retroactive benefit of an amendment to the United States Sentencing Guidelines that was issued after he was sentenced. In *United States v. Quintero-Leyva*, the Ninth Circuit held that Amendment 794 applied retroactively on direct appeal. 823 F.3d 519, 523 (9th Cir. 2016). The Sixth Circuit has subsequently adopted the reasoning and holding of *Quintero-Levya. United States v. Carter*, No. 15-3618, 2016 WL 5682707, at *6 (6th Cir. Oct. 3, 2016). Amendment 794 has not, however, been held to be retroactive on collateral appeal. *See Aguas-Landaverde v. United States*, No. 2:15-CR-00183, 2016 WL 5341799, at *2 (S.D. Ohio Sept. 23, 2016), report and recommendation adopted, No. 2:15-CR-00183(2), 2016 WL 6070480 (S.D. Ohio Oct. 17, 2016) (collecting cases); *United States v. Tapia*, No. 8:14-CR-30-T-23TBM, 2016 WL 4815150, at *1 (M.D. Fla. Sept. 14, 2016); *United States v. Perez-Carrillo*, No. 7:14CR00050, 2016 WL 4524246, at *1 (W.D. Va. Aug. 26, 2016); *Young v. United States*, No. 3:16-CV-3139, 2016 WL 4472937, at *2 (C.D. Ill. Aug. 24, 2016).

"[T]he proper avenue for a defendant seeking a sentence reduction based on an amendment to the Sentencing Guidelines is to file a motion under 18 U.S.C. § 3582(c)(2)." *Young*, 2016 WL 4472937, at *2. Even if Petitioner's motion was construed as an motion for relief under § 3582(c)(2), however, Petitioner would still not be entitled to relief. A district may resentence a defendant pursuant to a sentencing guideline amendment only if the Sentencing Commission has determined that the amendment is retroactive. *United States v. Horn*, 679 F.3d 397, 400 (6th Cir. 2012). Amendments that have been deemed retroactive are listed in U.S.S.G. 1B1.10(d), and Amendment 794 is not listed. *See Logan v. United States*, No. 5:12 CR 286, 2016

WL 5338060, at *5 (N.D. Ohio Sept. 23, 2016). Thus, even if Petitioner's motion was construed as a motion for resentencing under § 3583(c)(2), Petitioner would not be entitled to relief.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

Accordingly, it is **ORDERED** that Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED.**

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.


Dated: October 31, 2016                          s/Thomas L. Ludington
                                                 THOMAS L. LUDINGTON
                                                 United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 31, 2016.

                                    s/Michael A. Sian
                                    MICHAEL A. SIAN, Case Manager