UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

        Plaintiff,

v.                                                   Case No. 1:14-cr-20627-2
                                                    Honorable Thomas L. Ludington

RAUL HUMBERTO RODRIGUEZ,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE WITHOUT PREJUDICE**

On June 11, 2015, Defendant Raul Humberto Rodriguez pled guilty to one count of aiding and abetting the possession with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1). ECF No. 44. He was sentenced to a 63-month term of imprisonment to be followed by a four-year term of supervised release. ECF No. 55. Defendant was released from the custody of the Bureau of Prisons on April 11, 2019.

On March 1, 2021, Defendant filed a pro se motion for early termination of his term of supervised release. ECF No. 131. Shortly thereafter, Plaintiff, the United States of America (the "Government"), filed a response brief in opposition to Defendant's Motion. ECF No. 132. On March 29, 2021, Defendant filed a motion asking this court for an additional 30 days to "collect and submit letters of character and other supporting documents" in support of a reply brief. ECF No. 133 at PageID.578. Defendant's Motion was granted in part, and he was allowed until April 16, 2021 to file a reply brief. ECF No. 134. Defendant filed a "supplement" to his Motion on April 10, which is construed as a reply brief. ECF No. 136.

For the reasons set forth below, Defendant's Motion for Early Termination of Supervised Release will be denied without prejudice.

## I.

Under 18 U.S.C. § 3583(e), a court may terminate a term of supervised release previously imposed under § 3583(a). The statute provides,

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)--
>
> > (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . . .

28 U.S.C. § 3583(e). The relevant § 3553 factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes of the defendant; and
> >
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (4) the kinds of sentence and the sentencing range established for--
>
> > (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…
>
> (5) any pertinent policy statement…
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

28 U.S.C. § 3553(a).

## II.

In his Motion, Defendant claims to have had no violations of his supervised release since being released from custody in April 2019. ECF No. 131 at PageID.565. He claims that he

currently resides in Saginaw, Michigan as a single parent of his two children, ages 17 and 19. *Id.* at PageID.566. Defendant also alleges that he is "gainfully employed," and that he has been employed since he first entered the Residential Re-Entry Center in Saginaw. *Id.* In his own words, Defendant has "surrounded himself with a different (more stable, gainfully employed and non-criminal) support system." *Id.*

In its response brief, the Government emphasizes Defendant's lengthy criminal history, as recounted in his Presentence Investigation Report, as well as past instances where he violated terms of his supervision. *See* ECF No. 132 at PageID.574–75. Based on "the seriousness of [his] offense, [his] lengthy criminal history, and his poor performance while on pretrial release," the Government concludes that "additional supervision is necessary." *Id.* at PageID.576.

At this juncture, Defendant's Motion must be denied because he has not supported any of his representations with evidence. The only relevant evidence that Defendant submitted with his Motion was a letter from his son, Jalen Rodriguez. *See* ECF No. 131 at PageID.569–70. Jalen, who apparently serves in the military, states that Defendant intends to "mov[e] near the base where [Jalen] [is] stationed" and that Defendant's lifestyle is "totally different" than when he entered federal custody. *Id.* at PageID.569. Jalen's letter does not, however, substantiate any of Defendant's claims concerning his alleged compliance with his terms of supervised release, his employment situation, or any other part of the "support system" Defendant refers to in the Motion.

Accordingly, given the relevant factors provided in 18 U.S.C. § 3553(a), Defendant has not demonstrated that the early termination of his supervised release is warranted by his conduct and in the interest of justice. *See* 18 U.S.C. § 3583(e)(1). If Defendant refiles his Motion along with evidence substantiating his representations, this Court will reconsider the propriety of terminating his supervised release under 18 U.S.C. § 3583(e).

**III.**

Accordingly, it is **ORDERED** that Defendant's Motion for Early Termination of Supervised Release, ECF No. 131, is **DENIED WITHOUT PREJUDICE**.

Dated: May 20, 2021                            s/Thomas L. Ludington
                                                         THOMAS L. LUDINGTON
                                                         United States District Judge